UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-510-H

**MICHAEL PROFITT**                                                            **PLAINTIFF**

**v.**

**WALGREEN'S CO.**                                                            **DEFENDANT**

### MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Michael Profitt filed this action on a court-supplied complaint form. In the caption he names as Defendant "Walgreens - Cust Cards Allo Want." As grounds for filing suit in federal court, Plaintiff states, "I Recently bought Walgreens And Also want the Name changed because of the S - in Walgreens Because I bought it and I've never been married And need the Name fixed for tax purposes - I Also need my bank cards to Walgreens - Change name to Grape Walgreen -." The rest of the complaint reiterates the same.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint is too incoherent to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests'") (citation omitted). The Court is not able to determine what Plaintiff's claim is or what grounds could support a claim.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The allegations in Plaintiff's complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion, warranting dismissal for lack of subject-matter jurisdiction, as well.

By separate Order, the instant action will be dismissed.

Date:

cc: Plaintiff, *pro se*
4412.010